In the Matter of the Judicial Settlement of the Account of CARO-LINE E. PERKINS, as Executrix, etc., of JOHN PERKINS, Deceased.

*Surrogate's decree — made by a surrogate without jurisdiction, is no protection to an executor — jurisdiction to construe a will — Code Civ. Proc. § 2624 — when an executor is protected.*

An appeal from a decree of the Surrogate's Court upon an accounting cannot be heard where no findings were requested of the court, and there were no exceptions filed to the rulings of the court, and no decision in writing was filed, stating separately the facts found and the conclusions of law, and the mere fact that there was injected into the accounting a motion to set aside previous decrees in no way changes the nature of the proceeding nor obviates the necessity of the findings, exceptions and decisions.

A decree, made by a surrogate absolutely without jurisdiction to make the same, is no protection to executors in the administration of the estate.

Upon an accounting, a surrogate has jurisdiction to construe a will where the construction thereof is necessary to determine questions arising upon the accounting; and where all the parties in interest are present a surrogate may construe the provisions of a will and determine the validity of the same whenever such determination is necessary in order to enable him to make a decree as to a distribution of the estate.

In every case of the construction of a will by a surrogate in proceedings for an accounting, he may be said to be without jurisdiction if his construction is contrary to the will of the testator, but where the right of appeal does not exist, until that decree is modified by some affirmative action upon the part of the surrogate such a decree is a protection to an executor acting thereunder, and although the surrogate may have misconstrued the will upon an accounting, his decree is not absolutely void for want of jurisdiction.

APPEAL by the legatees, George W. Angell and Azariah C. Angell, from certain portions of a decree of the surrogate of the county of New York, entered in the office of the clerk of the New York Surrogate's Court on the 4th day of October, 1893, namely, from so much of the decree herein entered on the 4th day of October, 1893, as denies the motion of Azariah C. Angell to vacate the decree entered herein on the 5th day of April, 1877, and the 2d day of May, 1883, and approves and confirms the accounts as finally settled and allowed by said former decrees; and also from so much of said decree entered on the 4th day of October, 1893, as overrules

and sets aside the objections of the said George W. Angell and Azariah C. Angell, filed on the 5th day of May, 1893, and finds the state and condition of the said account, as stated in the summary and as finally settled and adjusted; and also from so much of said decree entered on the 4th day of October, 1893, as finally and judicially settles and allows the account as filed and adjusted.

*George C. Lay,* for certain legatees, appellants.

*E. S. Rapallo,* for the executrix, respondent.

VAN BRUNT, P. J.:

It appeared that one John Perkins died leaving a last will and testament whereby he appointed his brother, George R. Perkins, trustee of his will, and made certain provisions for his widow and other persons.   In August, 1876, the executors filed an account, upon which citations were duly issued and served upon all the parties interested in the estate, including the appellants, and such proceedings were had that upon the 5th of April, 1877, a decree was entered, settling the accounts of the executors, and a provision made for settling the trust of which the trustee was appointed, and directing the payment out of the estate of a sum equal to the semi-annual interest upon the said trust fund.   The appellants, although cited and duly served upon this accounting, did not appear.   On the 2d of May, 1883, a second accounting was had.   The accounts of the executrix were settled, and a second decree entered containing the same provisions, the record showing that the appellants were duly served by publication, and served by mail with the citation to attend such accounting.   On the 31st of January, 1893, the executors filed a third account, which claimed credit for payments pursuant to the decrees of the surrogate.   The appellants appeared and filed objections to such items in said account, and also objected to portions of the former decree entered April 5, 1877, on the ground of want of jurisdiction, and on the further ground that such provisions were inconsistent with the terms of the will, and operated to dissipate the principal, to their detriment.   They also made a motion to set aside so much of said decree entered upon said accounting as related to this trust upon the same grounds as those upon which objections

were filed to the accounts. The surrogate, after hearing the parties, granted the application to declare null and inoperative as to the future administration of the estate so much of the former decrees as related to the trust fund, but declined to affect the validity of the former accountings, or the subsequent payments made pursuant to said decrees, and from this decree the present appeal is taken. The ground of the appeal is that the surrogate had no jurisdiction to make the decrees of April, 1877, and May, 1883, as they were contrary to the provisions of the will, and deprived the plaintiffs of their rights as remaindermen.

The objection is raised that this appeal cannot be heard because no findings were requested to be made by the court, no exception filed to the rulings of the court and no decision in writing filed stating separately the facts found and the conclusions of law as required by the practice. We would think that this objection was well taken, as this whole proceeding arose upon an accounting before the surrogate, his rulings related to the matters contained in that account, and in the settlement of the account he had jurisdiction to construe the will; such being the proceeding before the surrogate, the mere fact that there was injected into it a motion to set aside previous decrees in no way changed the nature of the proceeding. It was an accounting over which the surrogate had jurisdiction, and for the review of which the well-settled rules of practice require the procedure which has already been intimated. But it is not necessary to limit our disposition of this case to this point.

There is no question but that if the surrogate was absolutely without jurisdiction to make the decrees in question such decrees are no protection to the executors in the administration of the estate. But it has been well settled by numerous adjudications that upon an accounting the surrogate has jurisdiction to construe the will, where the construction is necessary to determine questions arising upon the accounting, and that with all the parties in interest present the surrogate may construe the provisions of a will and determine the meaning and validity of any of them, whenever such determination is necessary in order to make his decree as to distribution. To sustain the contrary of this proposition the case of *Johnson* v. *Lawrence* (95 N. Y. 154) is cited. But it was there held that the surrogate had no authority to construe the effect of the will upon the

future attitude of the executors, because no questions of distribution had been reached, and no separate or distinct trust fund settled and fixed, no trust had been judicially constituted and the order obeyed. But the authorities are uniform that where a question of distribution arises, and the constitution of the trust fund is necessary to be presently done, the surrogate has jurisdiction to provide for those things and to determine as to the method and manner of distribution. In these previous accountings the question was presented to the surrogate in regard to the rights of the beneficiaries in this trust fund directed to be constituted by the will. The surrogate made a decree in reference thereto, construing the will in that particular; the executors made disbursements in accordance with that construction, the surrogate approved of those disbursements, and clearly his decree was within his jurisdiction although it may have been erroneous.

In every case of the construction of a will by the surrogate in proceedings for an accounting he may be said to be without jurisdiction, if his construction is contrary to the will of the testator. But where the right of appeal does not exist, until that decree is modified by some affirmative action upon the part of the surrogate, certainly such decree is a protection to the executor acting thereunder, precisely the same as though such decree had been made upon the probate of the will where the validity, the construction or the effect of any disposition of personal property contained in the will, offered for probate, is put in issue. Prior to 1870 the surrogate had no jurisdiction to entertain any such question upon probate; but, in order that the executor might, from the commencement of his duties, be protected in the administration of the personal estate of a deceased, power was conferred upon the surrogate to pass upon the validity, construction or effect of any disposition of personal property if the same was put in issue; and these questions the surrogate must determine upon rendering his decree admitting the will to probate. (Code, § 2624.)

Now, it is clear that all that this legislation intended to do was to confer upon the surrogate, upon the probate of a will, the power to do that which he could do upon an accounting. In the case at bar, when these decrees were made, this question of construction came up, and as has been already stated, although the surrogate may have

misconstrued the will, yet his decree was not absolutely void for want of jurisdiction.

We think, therefore, that the decree should be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Decree affirmed, with costs.